## Mackey's Administrator *versus* Coates and wife.

I. D. assigned to A. a mortgage to be collected and paid to E. A. collected it, and paid the proceeds to J. who promised to pay them to E. After D.'s death, his executor sued J. for the money as D.'s estate. J. gave no notice of the suit to E., and obtained a verdict on a set-off, which after suit he acknowledged had been previously paid; that he had used it to save the money from D.'s estate for E., and promised to pay E. In a suit by E. against J.'s administrator: *Held*, that the former verdict was not a bar to E.'s recovery.

2. E. being neither party nor privy to the suit, and without notice, was not estopped by the record.

3. A trustee sued on a title hostile to his cestui que trust to protect himself by the recovery against him, must show that he acted bonâ fide, and that the cestui que trust had notice of the suit.

January 15th 1872. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Chester county*: No. 206, to January Term 1872.

[Mackey's Administrator *v.* Coates.]

This was an action of assumpsit by J. Armstrong Coates and Elizabeth his wife in her right against John A. Mackey, administrator, &c., of John Mackey, deceased.

The declaration was in the common counts, and on the call of the defendants the plaintiff furnished the following bill of particulars :—

"The claim of the plaintiff in this case, is for the sum of $1000, with interest on the same from January 1st 1864, for money had and received to the use of the plaintiff, by John Mackey in his lifetime. The said sum of $1000 having been received from James Steele as the proceeds of a mortgage given by James Steele to David Mackey, the father of the plaintiff."

The case was tried, November 13th 1871, before Butler, P. J.

David Mackey died in 1863; Elizabeth Coates was one of his children, and John B. Mackey was executor of his will.

James Hodgson, a witness for the plaintiff, testified, that shortly after David's death, John Mackey, who was his brother, said to the witness, that the executor of David had threatened to bring suit against him for the amount of Steele's mortgage; "John said to me 'if you fellows will let me alone, I will carry out David's order'—that was to collect that mortgage of Jimmy Steele, and hand the money over to Lizzie Mackey, and I pledged myself to do it. I then turned to him and looked him in the face, and said to him, 'John, will you do it?' and he said, 'I will.' I then pledged myself to let him alone and not join in a suit. He said, 'I have your honor to not meddle with it, and you have my honor that I will pay it.' He then said, 'if John B. Mackey does sue me, I have an old instrument of writing that was paid ten years ago, and nothing on it to show it was paid. I will bring it in and beat him in spite of his teeth. I will collect the money and pay it over to Elizabeth.' He took out the instrument and showed it to me. * * * I heard nothing more until after the suit; he came to me to tell me that he had beaten his nephew, John B. Mackey, and that he would now carry out his promise, and pay the money over to Elizabeth. Soon after I met him in John Pitt's meadow with John Miner. He repeated the same language in part in his presence. He repeated it afterwards again, in the presence of Levi Hall." John Mackey died about 1867, two or three years afterwards.

John Pitt testified, that Elizabeth Mackey (Coates), soon after her father's death, wanted him to take her to West Chester to file a caveat to her father's will. John Mackey was present; he said to her that there was $1000 had been transferred by her father to him; this money would be paid over to her and would make her nearly equal, and advised her not to enter the caveat; he said, the $1000 was a certain thing, and it was difficult to break a will; she then agreed not to enter the caveat. John Mackey afterwards

[Mackey's Administrator *v.* Coates.]

told Elizabeth, in the presence of witness, that the money had been paid over to him, and when he got well enough, he would pay it to her; he also said that he would not be able to pay witness a debt he owed him, as he had to pay Elizabeth $1000.

There was evidence from a number of other witnesses to the same effect.

The following letter was given in evidence :—

"January 7th 1864.

"*John B. Mackey*:—This will inform you that in consultation with your *father*, since he made the will (which you have proven), he directed me to pay over to your sister *Lizzie* the amount due from James Steele. I refrained from mentioning it to any one except *Lizzie*, until I received the money, which I will now pay over to her the first opportunity.

"At a glance, I presume you will see the justice and propriety of the same.

"Had I not informed *Lizzie* of this provision in her favor, it was her intention to contest the will; but that satisfied her, and I think it ought to satisfy you and all the rest.

"Yours, &c.,          JOHN MACKEY.

"If she sees fit to lend you the money for present emergency I have no objection.          J. M."

The Steele mortgage to David Mackey was dated November 12th 1860, to secure $922 on land in Maryland, and was assigned by deed dated June 13th 1861, to John A. Mackey, a son of John Mackey. There was evidence that John Mackey had said that the mortgage had been assigned to John A. because he and David were both getting old, and Maryland was about to secede, and he was to collect as soon as possible and hand it over to Elizabeth.

There was evidence also that $1113.04, the money due on the Steele mortgage, had been paid to John A. Mackey by the attorney who had collected it, and by John A. paid to his father, John Mackey.

The defendant gave in evidence the records of a foreign attachment in the Common Pleas of Chester county, issued March 23d 1864, at the suit of John B. Mackey, executor, &c., of David Mackey, against John Mackey; the attachment was dissolved by the giving of bail.

The plaintiff's claim in that suit was the proceeds of a mortgage held by David Mackey against James Steele, which had been paid to John Mackey.

The defendant pleaded non assumpsit, and also put in a plea of set-off of a debt of $855.08, due to the defendant by the plaintiff in his lifetime.

The set-off given in evidence under the plea was the following :—

[Mackey's Administrator v. Coates.]

"$855.08.                                    "April 25th 1855.

"Due John Mackey for principal and interest on money borrowed April 16th 1842, eight hundred and fifty-five dollars and eight cents, which I promise to pay one year after date with interest. Witness my hand and seal.

"DAVID MACKEY, [L. S.]"

The defendant gave evidence that the only claim in the foreign attachment trial was for the money collected on the mortgage, and the only defence the set-off; there was no allegation that the money collected on the mortgage belonged to anybody but John B. Mackey, executor. The verdict and judgment were for the defendant for $258.25.

The defendant's point was :—

"The verdict and judgment in the case of John B. Mackey, executor of David Mackey, against John Mackey, in which the money claimed in this suit was recovered, is a conclusive bar to the plaintiff's recovery in this case."

The court charged :—

"The court cannot instruct the jury as requested. The verdict and judgment referred to do not present a bar to the plaintiff's recovery. If David Mackey transferred the mortgage (in the manner shown by the evidence) as a gift or advancement to his daughter, and the defendant received the money for her, promising her that he would hold it for, and pay it over to her thereafter, the verdict and judgment in the suit of David Mackey's executor against him does not stand in her way." * * *

The verdict was for the plaintiff for $1531.75

On the removal of the record to the Supreme Court by the defendant, amongst others, he assigned for error the answer to his point.

*G. M. Rupert* and *W. Darlington,* for plaintiff in error.— Elizabeth Mackey was not a party to the contract or its consideration; the suit should be in the name of David's executor : Owings *v.* Owings, 1 Harr. & Gill 484; Blymire *v.* Boistle, 6 Watts 182.

*J. J. Pinkerton* and *W. MacVeagh,* for defendant in error.— As to the effect of the verdict in the foreign attachment cited Coleman's Appeal, 12 P. F. Smith 272; The Pocket Co. *v.* Sickles, 5 Wall. 592; Converse *v.* Cotton, 13 Wright 346.

The opinion of the court was delivered, January 29th 1872, by SHARSWOOD, J.—There is but a single question in this case, namely, whether the court below erred in refusing to affirm the point presented by the defendant. They gave their reasons for so doing in an opinion accompanying the answer. Whether the

20 P. F. SMITH—23

[Mackey's Administrator *v.* Coates.]

reasons were right or wrong is totally immaterial. By dissecting this opinion the plaintiff in error has made seven assignments. The first is the only one necessary to be considered. The court were asked to say that the verdict and judgment in the case of John B. Mackey, executor of David Mackey against John Mackey, in which the money claimed in this suit was recovered, is a conclusive bar to the plaintiff's recovery in this case. That they were right in declining to affirm this point is abundantly clear. It would have been manifest error to have done so. Elizabeth Coates in this action demanded of the administrator of John Mackey money had and received by John Mackey to her use. She gave evidence by the testimony of witnesses to repeated declarations by him in his lifetime that he had received and held the money collected of James Steele for her. The administrator produced and gave in evidence the record of a suit by John B. Mackey, the executor of David Mackey, against John Mackey, for the money in question, to which he had pleaded a set-off, and recovered judgment in his favor. Supposing it all to have been bonâ fide, on what principle can that record be an estoppel to the plaintiff below, any more than mere payment to David Mackey would have been? She was no party nor privy. The defendant, John Mackey, gave her no notice to come in and defend. As to her it was *res inter alios acta.*

It is contended, however, that John B. Mackey, the executor of David Mackey, had the legal title to sue, and that the title of Elizabeth Coates, if she had any, was only an equitable one as cestui que trust, and that John B. Mackey must be regarded as having sued to her use. It would follow that John Mackey would be protected by the judgment in that case. But this contention is founded upon an entire mistake of the relations of the parties. The plaintiff below claimed and had given evidence to show that David Mackey had assigned the mortgage of James Steele, upon which the money had been collected, to John A. Mackey, in trust for her. This was a question of fact in the cause for the jury. Assuming it to be so, it is plain that John A. Mackey, and not David Mackey, was the party who received the money to the use of Elizabeth Coates, and was her trustee. The claim of John B. Mackey, the executor of David Mackey, was hostile to her title. If her allegation of fact was true, he had no right, legal or equitable, to the money. David Mackey had assigned the mortgage under seal to John A. Mackey. John A. Mackey had recovered the amount, and paid it to John Mackey, for the use of Elizabeth Coates. A trustee sued by a stranger on a title hostile to his cestui que trust, in order to protect himself by the recovery against him, must at least show that he acted bonâ fide; that the cestui que trust, if *sui juris*, was notified of the suit, and had an opportunity to defend. So far from this, the evidence, if believed by the jury, tended to show that John Mackey with a full know-

[Mackey's Administrator v. Coates.]

ledge of the title of Elizabeth Coates had set up an old paid note as a defalcation, declaring, however, at the time, that he did this for the purpose of protecting the money in his hands, as the proper money of Elizabeth Coates, from the hostile demand of John B. Mackey, the executor of David Mackey. It would be a great perversion of law and justice to hold that he could now avail himself of that judgment as a conclusive bar to a recovery in this suit.

Judgment affirmed.